**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINWOOD EDWARD TRACY, JR., | No. 09-15693 |
| Plaintiff - Appellant, | D.C. Nos. 3:09-cv-00046-BES-RAM |
| v. | 3:09-cv-00150-BES-RAM |
| DAVID A. CLARK; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Submitted November 17, 2009 [**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Linwood Edward Tracy, Jr., appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action for lack of subject-matter

jurisdiction. We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Alvarado v. Table Mt. Rancheria*, 509 F.3d 1008, 1015 (9th Cir. 2007), and may affirm the district court's judgment on any ground supported by the record, *Ctr. for Policy Analysis on Trade and Health (CPATH) v. Office of U.S. Trade,* 540 F.3d 940, 944 (9th Cir. 2008). We affirm.

The district court properly dismissed Tracy's action because he failed to allege how any of the defendants' actions in attempting to restrain him from the unauthorized practice of law led to a constitutional violation. *See Arnold v. International Business Machines*, 637 F.2d 1350, 1355 (9th Cir. 1981) (explaining that a section 1983 plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights).

**AFFIRMED**.